# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LINDA M. GARCIA,

       Plaintiff,

v.                                           Civil No. 00-0782 WWD/DJS

PRESBYTERIAN HEALTH CARE
SERVICES, INC., a New Mexico
corporation and TRANSAMERICA
ASSURANCE COMPANY, INC.,
a foreign corporation,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Amend Complaint, filed October 11, 2000 **[docket # 26]**.   The original complaint, which involves a dispute over life insurance coverage, sets forth a single cause of action under the Employee Retirement Income Security Act ("ERISA" or "Act"), 29 U.S.C. §§ 1001 - 1461.  The present motion seeks to add an estoppel claim and a jury demand and is unaccompanied by a memorandum brief, contrary to D.N.M.LR-Civ. 7.5(b).   I need not consider the possible consequences for a violation of a local rule, given that the motion will be denied on substantive grounds.

### Background

Plaintiff Linda Garcia seeks to recover life insurance benefits under two life insurance policies that she alleges were in existence at the time of her then ex-husband's death.  Luiz M. Garcia was employed by the predecessor of Defendant Presbyterian Health Services ("PHS") from 1982 through September 1990.  PHS administered the employee insurance benefits plan in

which he participated.  Defendant Transamerica Assurance Company ("Transamerica") carried the policies at issue.  On March 1, 1990, Defendants provided a $100,000 life insurance policy, payable upon the death of Luiz Garcia to Linda Garcia, who was plan's beneficiary.

The policy contained an optional provision for a waiver of premiums that in the event an employee was disabled for six consecutive months, Defendants would waive further collection of premiums, but the policy would remain in effect.  On March 26, 1990  Luiz Garcia became totally disabled and remained disabled until his death on December 13, 1998.  Premiums were paid for six months from March 1, 1990.[1]  Plaintiff applied for the proceeds of the life insurance policy upon Luiz Garcia's death, but Defendants refused to pay the claim, asserting that the proper applications for the disability waiver rider had not been supplied by Mr. Garcia and that the policies had lapsed because the premiums had not been paid.

Plaintiff contends that Luiz Garcia was eligible for the waiver of premium benefit provision, alleging that he completed the application form to apply for that benefit, and relied on his employer to submit the necessary documents to Transamerica so that he would be continued to be insured by the policies.  She alleges breach of fiduciary in Defendants' failure to notify either her or Mr. Garcia that the policies had lapsed.  See Initial Compl, ¶ 9.

Transamerica asserts that it never received notice of disability from Luiz Garcia either while he was living or while the policies were in effect, and that no premiums were paid on his behalf after June 1990.  Thus, the policies had terminated long before his death, automatically ending any rider.  Transamerica also contends that even if the policies had been in effect when Mr.

---

[1]  Garcia received social security disability benefits as well as disability benefits from another employee benefit program from the time he became disabled until his death.

Garcia died, Plaintiff would not have been eligible for benefits.  PHS claims that it had provided

Luiz Garcia with the application form for the disability waiver rider, but that he had failed to

timely apply for the provision.  Defendant also denies that it had any responsibility for submitting

the disability waiver of premium benefit forms on Mr. Garcia's behalf, and adds that at the time

the decedent had qualified for the life insurance policy, PHS informed him that he did not qualify

for the extra coverage disability waiver.  According to Defendants, Garcia declined PHS' offer to

appeal the refusal.

## Discussion

Although leave to amend is generally freely granted, it will not be permitted where the

proposed amendment will be futile, or where the request is untimely and unduly prejudicial to the

opposing part.  Castleglen, Inc., et al. v. R.TC., 984 F.2d 1571 (10th Cir. 1993); see Foman v.

Davis, 371 U.S. 178, 182 (1962).

### Estoppel Claim

Plaintiff seeks to add an estoppel claim in which Defendants would be estopped from

denying that the insurance policy was in effect at the time of Luiz Garcia's death, and from

denying that the Plaintiff is the lawful beneficiary of the policy.  Defendants argue that the

estoppel claim is preempted by ERISA and that the Tenth Circuit has not recognized a federal

common law estoppel claim under ERISA.

State law claims which "relate to" the employee benefit plan are preempted by ERISA.

See Airparts Co. v. Custom Benefit Servs of Austin, Inc., 28 F.3d 1062, 1064 (10th Cir. 1994).

Estoppel claims have generally fallen into this category.  See Peckham v Gem State Mutual, 964

F.2d 1043, 1051 (10th Cir. 1992) (noting that ERISA preempts estoppel by conduct as well as

3

promissory estoppel); <u>Straub v. Western Union Tel. Co.</u>, 851 F.2d 1262, 1266 (10th Cir. 1988)

(estoppel claim based on purported oral modifications of the terms of an employee benefit plan.

not available under ERISA).  The estoppel claim Plaintiff seeks to add is preempted by ERISA

because it is grounded in state law which provides an alternative cause of action to employees to

collect benefits protected by ERISA.  <u>See</u> <u>Monarch Cement Co. v. Lone Star Indus. Inc</u>., 982

F.2d 1448, 1452 (10th Cir. 1992); <u>Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co</u>.,

170 F.3d 985, 989 (10th Cir. 1999) (laws and common-law rules that provide remedies for

misconduct growing out of the administration of the ERISA plan are preempted); <u>Nechero v.</u>

<u>Provident Life & Accident Ins. Co</u>., 795 F.Supp. 374, 380-81 (D.N.M. 1992) (claims of

beneficiaries suing to recover benefits under the terms of an ERISA plan fall within the scope of

ERISA's civil enforcement provisions) (citing 29 U.S.C.§ 1132)).

    Plaintiff's reliance on law outside this circuit and attempts to distinguish the present case

from Tenth Circuit cases which preclude the bringing of such claims under ERISA are

unpersuasive.  Although there is an indication that the Tenth Circuit might be open to claims of

equitable estoppel under federal common law, <u>see</u> <u>Cannon v. Group Health Service of Oklahoma,</u>

<u>Inc</u>., 77 F.3d 1270, 1276-77 (10th Cir.), <u>cert. denied</u>, 519 U.S. 816 (1996) ("This court has

neither adopted nor rejected an equitable estoppel rule in the ERISA context"), the circumstances

would have to be "egregious" or "extraordinary." <u>See</u> <u>Kaferly v. U.S. West Technologies</u>, 189

F.3d 478, 1999 WL 679682, at *9 -*10 n. 8 (10th Cir.1999) (noting that circuit was open to issue

of "whether estoppel might apply in limited, extraordinary circumstances") (citing <u>Miller v.</u>

<u>Coastal Corp</u>., 978 F.2d 622, 624-25 (10th Cir.1992)), <u>cert. denied</u>, 507 U.S. 987 (1993).  Such

circumstances do not exist here.  As Defendants note, Plaintiff has not alleged fraud or any intent

to deceive.  Accordingly, Plaintiff's motion to add a claim of estoppel as Count III is denied.

*Jury Demand*

Plaintiff's request to amend the complaint to add a six-person jury demand will also be denied.  Plaintiff's claim is brought under 29 U.S.C. § 1132(a)(b)(B), which has been characterized by our circuit, and numerous others cited by Defendants, to be equitable in nature and therefore not entitled to a jury trial.  See Adams v. Cyprus Amaz Materials Co., 149 F.3d 1156 (10th Cir. 1998) (on question of whether ERISA claim under § 1132(a)(1)(B) action is best characterized as legal or equitable, court noted that "ample support" exists for finding that such claims are fundamentally equitable in nature).  Under Adams' holding, claims by a plaintiff seeking the money proceeds of a policy under § 1132 are considered equitable in nature because relief only becomes available upon the court's exercise of its equitable powers declaring the plaintiff to be an eligible beneficiary.  The factual scenario in this case falls squarely within these parameters.

Plaintiff offers no reason or legal argument not to follow Adams, save for a rather obscure case which allowed a jury trial on an ERISA claim.   Vaughn v. Owen Steel Co., Inc. & Royal Maccabees Life Ins. Co, 871 F.Supp. 247 (D.S.C. 1994).  Recognizing that some ERISA claims and remedies are legal in nature and that those claims should be afforded a jury trial, that court allowed a jury trial on a contract claim under ERISA.   However, even Plaintiff concedes that actions under ERISA have traditionally been tried to the bench and more importantly, acknowledges that the breach of fiduciary claim in Vaughn proceeded to a bench, not jury, trial.  Thus, I find no basis for allowing Plaintiff to amend the complaint to add a jury demand.

In sum, I find it would be futile to allow Plaintiff to amend the complaint to add either of the requested grounds.  The motion is denied.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint **[docket # 26]** is hereby

DENIED.

_____
UNITED STATES MAGISTRATE JUDGE